59 N.J. Super. 93 (1960)
157 A.2d 154
MATILDA KUSNER AND ALBERT L. KUSNER, PLAINTIFFS,
v.
HOWARD S. STAINTON CO., A NEW JERSEY CORPORATION, DEFENDANT AND THIRD-PARTY PLAINTIFF,
v.
OCEAN CITY CHAMBER OF COMMERCE, INC., THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided January 8, 1960.
*94 Mr. H. Albert Hyett, attorney for plaintiffs.
Mr. Herbert Horn (Messrs. Lloyd, Horn, Megargee & Steedle, attorneys for defendant, Howard S. Stainton Co.).
Mr. Edward Fishman, attorney for Ocean City Chamber of Commerce, Inc., third party defendant.
CAFIERO, J.S.C.
Plaintiffs' attorney retained one Frank Talucci as an expert to develop evidence that the sidewalk on which plaintiff Matilda Kusner fell and which fronted on premises occupied by the third-party defendant was defectively constructed, and in answer to interrogatories submitted his name as a proposed expert witness. The third-party defendant has subpoenaed Mr. Talucci to testify at a deposition hearing. Plaintiffs have moved to quash the subpoena or, in the alternative, to have an order issue prohibiting inquiry into any matters pertaining to the nature, extent or duration of any inspections or examinations made by Frank Talucci as an expert and any conclusions reached by him as a result of such inspection.
The defendant and the third-party defendant argue that Rule 4:16-2 permits them not only to determine the qualifications of the expert in order to obtain their own expert with similar or equal qualifications, but also does not preclude them from taking the deposition of the expert as to *95 facts within his knowledge as distinguished from his expert opinion or conclusions.
On the other hand, plaintiffs contend that what Mr. Talucci did as an expert and what he concluded as an expert do not confer upon him the status of a person having knowledge of relevant facts as to which he can be compelled to make discovery at a deposition hearing.
The language of the Rule (4:16-2) is clear. It states that "a party may require any other party to disclose the names and addresses of proposed expert witnesses." The rest of the sentence gives the reason or purpose why the name and address should be disclosed  which is  "solely for the purpose of enabling the party to investigate the qualifications of such witnesses in advance of trial." Surely, the word "solely" is to be given significance and meaning. If it were intended that the purpose was to ascertain other information, then the word would have been omitted, or more general language could have been used.
In Gibilterra v. Rosemawr Homes, 19 N.J. 166, 174 (1955), the court stated: "Following the 1955 Judicial Conference the court adopted an amendment to R.R. 4:16-2 to require disclosure of such expert witnesses' names for that limited purpose"  which was  to enable "the examining party to check his qualifications in advance of trial, and to meet his anticipated trial testimony by equally qualified experts, thus avoiding surprise." See also Cermak v. Hertz Corp., 53 N.J. Super. 455 (App. Div. 1958).
Defendants have been given the name and address of plaintiffs' expert witness which is all that is required by the rule. The motion to quash the subpoena is granted.